**Arthur J. DAVIS, Plaintiff–Appellee,**

v.

**SHELBY COUNTY, Defendant–Appellant.**

No. 00–5390.

United States Court of Appeals, Sixth Circuit.

Sept. 13, 2001.

Before MARTIN, Chief Judge; NELSON, Circuit Judge; RICE, District Judge.*

PER CURIAM.

Shelby County appeals the district court's grant of partial summary judgment to Arthur J. Davis on his claim of retaliatory discharge pursuant to the Americans with Disabilities Act.

I.

Davis began working as a deputy tax collector for Shelby County in February 1991 and started having problems breathing at his office several months later. He attributed his trouble to fibrous dust stirred up by construction work that went on continuously at the Shelby County offices. Davis first sought medical treatment for his respiratory problems in May. His doctor recommended a number of solutions, including taking different medicines and avoiding the dusty areas at the

---

* The Honorable Walter H. Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

office. In the fall of 1993, his doctor suggested that Davis wear a small mask to work to filter out harmful dust. The first day he did so, his supervisor Bob Patterson escorted Davis out of the building and suspended him until he could return with documentation from his doctor explaining the medical necessity of the mask. The record is unclear as to whether Patterson had told Davis not to wear a protective mask to work before he suspended him. Davis returned with medical authorization for the mask, but became involved in a long exchange of discussions and letters with Patterson that eventually resulted in his termination.

Davis filed suit against Shelby County alleging discrimination and retaliation under the Americans with Disabilities Act. A jury found that Davis did not suffer a disability that affected a major life activity, but deadlocked on whether Shelby County retaliated against Davis for claiming that he was disabled. The district court then held a pre-trial conference to settle dates for trying the remaining retaliation charge, and Davis subsequently moved for partial summary judgment on this claim. His motion included two "facts" that Shelby County "does not dispute" firing Davis for wearing his mask to work and for complaining of a disability. Davis's motion did not cite to the record to support these allegations.

Shelby County's response to Davis's motion cited Local Rule 7.2(d) of the Western District of Tennessee, which says:

> On every motion for summary judgment, in addition to citations to appropriate legal authorities, the proponent of the motion shall designate in the accompanying memorandum by serial numbering each material fact upon which the proponent relies in support of the motion and shall affix to the memorandum copies of the precise portions of the record relied

upon as evidence of each material fact. If the proponent contends that the opponent of the motion cannot produce evidence to create a genuine issue of material fact, the proponent shall affix to the memorandum copies of the precise portions of the record relied upon as evidence of this assertion.

The County stated that because Davis's motion did not cite to any part of the record for Patterson's "alleged admission," the motion should be rejected. The County attached affidavits from Bob Patterson and Steve Summerall, another Shelby County employee, stating that they did not recall Patterson's making such an admission at trial.

In its order granting summary judgment to Davis, the district court held that this contention was "not well taken" and considered the motion on its merits. The district court then, also without citing to the record, found that "Defendant admitted that Plaintiff was terminated for wearing the mask after being told not to wear it."

## II.

We review de novo a district court's grant of summary judgment. *Junger v. Daley*, 209 F.3d 481, 484 (6th Cir.2000). Summary judgment is granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). When evaluating a motion for summary judgment, the facts are to be construed in the light most favorable to the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). All evidence presented by the non-moving party is to be taken as true. *Terry Barr Sales Agency v. All–Lock Co.*, 96 F.3d 174, 178 (6th Cir.1996) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

█ To establish a prima facie case of retaliation, a plaintiff must show 1) that he engaged in protected activity; 2) that he suffered adverse employment action; and 3) that the adverse action was causally connected to the protected activity. *Penny v. United Parcel Svc.*, 128 F.3d 408, 417 (6th Cir.1997).

█ Here, neither Davis nor the district court has cited to the source of Patterson's admission that he fired Davis because of his mask or his complaints about the air at the Shelby County offices. The County included affidavits from Patterson and Summerall indicating that they did not recall Patterson testifying that he fired Davis for wearing a mask to work. While their affidavits are very qualified statements, they are directly on point in that they refute facts that are crucial to Davis's being able to establish the third prong of his prima facie case of retaliation. The district court's lack of citation to the record leaves the affidavits attached by Shelby County as the only evidence before this Court regarding Bob Patterson's admission.

As such, the County has demonstrated a genuine issue of material fact that leaves this case inappropriate for summary judgment at this time. Also, the district court erred in failing to find that Davis's lack of citation violated Local Rule 7.2(d) of the Western District of Tennessee. The district court cannot ignore this violation without rendering the rule a nullity.

### III.

For the foregoing reasons, we REVERSE the district court's grant of summary judgment to Davis without prejudice to Davis's right to file a properly documented motion for summary judgment.